UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

**This Document Relates to:**

*Radzevich v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:14-CV-60041-DRH-SCW

## ORDER OF DISMISSAL WITH PREJUDICE

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on Boehringer Ingelheim Pharmaceuticals Inc.'s ("BIPI") Motion to Show Cause why the case should not be dismissed with prejudice (Doc. 9 and supplement Doc. 10) for failure to comply with Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519). The plaintiff has responded (Doc. 12) and BIPI has replied (Doc. 13). For the reasons described herein, the motion is **GRANTED.** Accordingly, plaintiff's action is **DISMISSED WITH PREJUDICE.**

### II. BACKGROUND

On May 29, 2014, the Court entered CMO 78. The provisions in CMO 78 are the result of an extensive mediation between the Pradaxa MDL Plaintiffs'

Leadership Counsel and the Boehringer Defendants. The negotiations were vigorous, at arm's length, and in good faith.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program, as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. First, plaintiffs are required to serve a Plaintiff Fact Sheet ("PFS") and authorizations in compliance with CMO 15. Second, plaintiffs are required to produce all pharmacy records regarding the dispensation of medication and certain medical records. Third, plaintiffs are required to submit a signed affidavit attesting that all the records required under CMO 78 were collected and produced. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline, or by September 11, 2014.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given

a certain amount of time to cure the identified CMO 78 deficiencies ("Cure Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[1] If the subject plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

This action was transferred into the MDL on November 10, 2014 - after the entry of CMO 78 (entered on May 29, 2014). Accordingly, the plaintiff is subject to the requirements of CMO 78.

BIPI's motion seeks dismissal of plaintiff's action for failure to comply with the provisions of CMO 78. Specifically, BIPI contends plaintiff has failed to produce expert reports on general and specific causation in accordance with CMO 78 and Federal Rule of Civil Procedure 26.

---

[1] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties"; (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

### III.     THE PARTIES' CONTENTIONS

On November 7, 2014, BIPI provided plaintiff with a copy of CMO 78 and asked plaintiff to note the applicable deadlines and requirements (Doc. 9-1) ("CMO 78 Notice"). In accord with CMO 78, the plaintiff had 30 days from the CMO 78 Notice or until December 7, 2014 to comply with the expert report requirements. The plaintiff failed to meet the December 7, 2014 deadline. Accordingly, BIPI provided notice of the deficiency by correspondence dated December 9, 2014 (Doc. 9-2). Per CMO 78, plaintiff had 20 days (until December 29, 2014) to cure the deficiency. The plaintiff did not meet this deadline. Accordingly, on January 12, 2015, BIPI filed the instant motion to show cause. As of the filing of the motion to show cause, the plaintiff still had not submitted any of the requisite expert reports.

The plaintiff had 20 days to file a response to the defendant's motion – making the plaintiff's deadline Monday, February 2, 2015. After the deadline for responding had expired, the Court learned that plaintiff failed to register for the CM/ECF filing system and, therefore, was not served an electronic copy of the defendant's motion to show cause when it was electronically filed (Doc. 10). Therefore, on February 9, 2015, BIPI served both its initial motion to show cause and its February 9, 2015 supplement on plaintiff via email and hardcopy. At that time, the Court extended the plaintiff's responsive pleading time, allowing the plaintiff until March 2, 2015 to respond to the motion to show cause.

In its February 9, 2015, supplemental pleading, the defendant provided the Court with an update as to the plaintiff's expert reports. The defendant reported that on February 2, 2015 – twenty days after the defendant filed its motion to show cause and the same day as the deadline to respond to the defendant's motion to show cause – plaintiff's counsel provided defendant with generic and case specific expert reports. Notably, the reports were provided more than a month *after* they were due (December 7, 2014) and more than a month after the plaintiff's deadline for curing CMO 78 deficiencies (December 29, 2014) (the only extension permitted under CMO 78).

Plaintiff filed a response to the defendant's motion on March 2, 2015. As good cause for failure to timely comply with the requirements of CMO 78, plaintiff merely states that the holidays interfered with his ability to complete the expert report requirements in a timely manner (Doc. 12).

The Court further notes that the untimely expert reports did not include the expert's CV. The expert's CV was subsequently provided on February 9, 2015. Subsequently, by letter dated February 26, 2015, the plaintiff provided defendant with an updated CV as well as revised versions of the general and case-specific expert reports. Defendant contends the revised general and case-specific expert reports remain deficient (Doc. 13).

## IV.     ANALYSIS

The terms of CMO 78 require strict compliance. Pursuant to CMO 78, non-compliant parties are subject to dismissal with prejudice absent a showing of good cause for the non-compliance. As the Court has stated in the past, the Court's role with regard to the settlement agreement and orders related thereto is to enforce the agreements as written.

There is no dispute that the plaintiff did not timely comply with the requirements of CMO 78.  The reports were provided more than a month *after* the deadline in CMO 78 to produce expert reports. The plaintiff's late production of these materials does not and cannot cure the plaintiff's failure to produce these materials by the CMO 78 deadline.

Further, the plaintiff has failed to establish good cause for the noncompliance. Plaintiff merely states that the holidays interfered with his ability to comply with the expert report requirements. This does not amount to good cause. *See Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (rejecting as good cause an attorney's difficulties communicating with his client). *See also Connecticut Nat. Mortg. Co. v. Brandstatter* 897 F.2d 883, 884–885 (7th Cir. 1990) (rejecting as good cause "routine back-office problems").

Finally, beyond the reports being produced over a month after the deadline, as outlined in the defendant's motion, they are also materially insufficient and do not satisfy the requirements of CMO 78 and Federal Rule of Civil Procedure 26.

## V.   CONCLUSION

The Court finds that the plaintiff is not in compliance with the requirements of CMO 78 and has failed to show good cause for the noncompliance.

Accordingly, the Court **DISMISSES** plaintiff's case **WITH PREJUDICE** for failure to comply with CMO 78.

The Court **DIRECTS** the **CLERK OF THE COURT** to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 27th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.27 15:15:34 -05'00'

United States District Court